968 A.2d 218 (2009)
406 N.J. Super. 497
SHRI SAI VOORHEES, LLC, Plaintiff,
v.
TOWNSHIP OF VOORHEES, Voorhees Township Planning Board, and Voorhees Hotel Associates, LP, Defendants.
No. L-2321-08
Superior Court of New Jersey, Law Division, Camden County.
Decided January 9, 2009.
Approved for Publication April 21, 2009.
*219 Daniel D. Haggerty, Philadelphia, PA, for plaintiff.
Stuart A. Platt, Pennsauken and Eric Riso, for defendant, Voorhees Township Planning Board.
Frank Tedesco and Stacy Cohen, Cherry Hill, for defendant, Voorhees Hotel Associates, LP.
ORLANDO, A.J.S.C.
The issue before the court is whether an application to erect a principal structure exactly ten percent higher than the zoned height limit requires a special needs D variance or a bulk C variance.

I
This is an action in lieu of prerogative writs in which the plaintiff Shri Sai Voorhees, LLC ("Shri Sai") challenges a development decision by the Voorhees Township Planning Board ("Planning Board"). The Planning Board granted Voorhees Hotel Associates ("Hotel Associates") preliminary and final major site plan approval to erect a 60,672 square-foot, four-story hotel and a 6576 square foot T.G.I. Friday's restaurant (Phase I), as well as preliminary approval for a 4800 square-foot retail space and a 4000 square-foot bank pad (Phase II). In particular, the plaintiff challenges the Board's decision granting Hotel Associates a varance to build a hotel fifty-five feet high within a zone which limits the height of principal buildings to fifty feet.
Shri Sai contends that Hotel Associates is required to obtain a "special needs" or D variance to build a hotel that extends above the zoned height limitation of fifty feet by exactly ten percent. It asserts the Planning Board was without jurisdiction to consider Hotel Associates' application, since such a variance can only be granted by the zoning board of adjustment. Shri Sai urges the court to vacate all approvals granted to Hotel Associates, based on the Planning Board's lack of jurisdiction.
The proposed building site is a 7.24 acre, vacant tract of land situated in the Voorhees Township Corporate Center at the intersection of Voorhees Drive and Executive Drive. The site is located in the O-3 Office Zone/Town Center Overlay District. In light of the fifty foot height limitation, Hotel Associates sought a variance to erect the hotel fifty-five feet high to accommodate an architectural feature over the entranceway. The proposed feature would allegedly improve the building's aesthetic appearance and distinguish the entranceway from the remainder of the building. Hotel Associates also sought a variance for a second freestanding sign, which it contended would improve safety by providing motorists with an enhanced opportunity to identify the hotel as they traveled on nearby roadways. The Planning Board granted both variance requests and site plan approvals. This appeal followed.

II
N.J.S.A 40:55D-70 provides that the board of adjustment shall have the power *220 to "grant a variance to allow departure from regulations . . . to permit . . . a height of a principal structure which exceeds by 10 feet or 10% the maximum height permitted in the district for a principal structure." N.J.S.A. 40:55D-70(d)(6). Shri Sai asserts that pursuant to N.J.S.A. 40:55D-70(d)(6), Hotel Associates is required to obtain a special reason variance from the zoning board of adjustment to build a hotel fifty-five feet high where the maximum zoned height limit is fifty feet. A special reason variance, or "D" variance, can only be granted by the zoning board of adjustment. Therefore, Shri Sai contends that the Planning Board was without jurisdiction to consider Hotel's application.
It is undisputed that an application for a variance based on special reasons pursuant to N.J.S.A 40:55D-70(d)(6) must be presented to the zoning board of adjustment. See, e.g., N.J.SA. 40:55D-70(d)(6); N.J.SA. 40:55D-20; Trinity Baptist Church v. Louis Scott Hold. Co., 219 N.J.Super. 490, 498 n. 5, 530 A.2d 828 (App.Div.1987) ("The board of adjustment would have the power . . . to grant such site plan approval whenever the proposed development requires approval by the board of adjustment of a variance pursuant to subsection (d) of N.J.S.A 40:55D-70."). The Planning Board has the power to grant bulk variances pursuant to N.J.S.A 40:55D-70(c) when such an application is made in connection with a site plan. See N.J.S.A. 40:55D-60. Therefore, the Planning Board's jurisdiction to consider Hotel Associates' application is contingent upon whether Hotel Associates' request for a height variance was a special reason D variance or a bulk C variance.
The Planning Board considered Hotel Associates' application as a request for a bulk C variance. The Planning Board and Hotel Associates contend that a special reason variance is only required when an applicant proposes a height for a principal structure which exceeds the maximum height by more than ten percent. Thus, where the proposed building height exceeds the height limit by exactly ten percent, as opposed to more than ten percent, its application would be properly classified as a request for a bulk variance. Conversely, Shri Sai takes the opposite position that where a building's proposed height is equal to or over ten percent of the maximum zoned height, a special D variance must be obtained from the board of adjustment.
Where a board's decision is based upon legal determinations, as opposed to factual resolutions, such decisions are not entitled to a presumption of validity. Ibid, (citing Cherney v. Matawan Zoning Bd. of Adj., 221 N.J.Super. 141, 145 n. 1, 534 A.2d 41 (App.Div.1987)). As such, decisions by a planning board on purely legal issues are subject to a de novo review by the court. Wyzykowski v. Rizas, 132 N.J. 509, 518, 626 A.2d 406 (1993); Grancagnola v. Planning Board, 221 N.J.Super. 71, 76 n. 5, 533 A.2d 982 (App.Div.1987). The issue presented to the court in this case is a strictly legal issue. Therefore, the Planning Board's decision is not entitled to a presumption of correctness.
The court must determine exactly where the legislature intended to draw the line between requests for height variances requiring bulk C variances and those requiring a special reason D variance. Neither the parties nor the court have uncovered any New Jersey case that has addressed this question directly. However, the two reported cases commenting on the statute suggest that a special reason variance is required when the proposed structure is exactly ten percent higher than that which is permitted in the zone. For instance, in Engleside at West Condo. Ass'n v. Land Use Board of Beach Haven, 301 N.J.Super. *221 628, 694 A.2d 328 (Law Div.1997), while commenting on the legislative intent behind N.J.S.A. 40:55D-70(d), the court stated:
[The Legislature] added the words contained within item 6 of subsection d providing that a special reasons variance must be obtained where the height of the principal structure exceeds the maximum height permitted in the district by either 10 feet or 10%. Apparently, the Legislature reasoned that when a height deviation reached that level of nonconformity, the resulting structure arguably could be seen as something out of character with the structures permitted in the zone and thus should be reviewed under the enhanced standards of subsection d.
[Id. at 639, 694 A.2d 328.]
Additionally, in Grasso v. Boro. of Spring Lake Heights, 375 N.J.Super. 41, 866 A.2d 988 (App.Div.2004), the Appellate Division found that where a thirty-eight foot house exceeded the zoned maximum by eight feet, "the application must be reviewed under (d)(6) because the house's height is over ten percent of the 30 foot maximum, even though the house is less than ten feet over the maximum." Id. at 49, n. 1, 866 A.2d 988, (citing William M. Cox, New Jersey Zoning and Land Use Administration, §§ 6-3.4(f) and 7-7.3 (Gann 2004)) (reasoning if structure's height were less than ten feet or ten percent of maximum, application would be judged as bulk variance). The Appellate Division's comment suggests that even if the house's excess height were equal to ten percent over the permitted limit, the application would require enhanced review as a special variance.
Hotel Associates and the Planning Board argue that the committee and sponsor statements accompanying the bill ultimately enacted as N.J.S.A. 40:55D-70(d)(6) reflect a legislative intent to require a D or special reason variance only when the requested variance exceeds the maximum height established by more than ten percent. Specifically, they point to the following language in the committee/sponsors statement:
Section 21 amends section 57 of P.L. 1975, c. 291 (C. 40:55D-70) to (1) include permission to exceed the height limit for a principal structure by more than 10 ft or by more than ten percent beyond the maximum established for the zoning district as a D variance and (2) clarify that if no D variances are involved, the board of adjustment is to base its decision on the standards for C variances.

[Assembly Municipal Government Committee Statement to A-1440, October 18, 1990.]
However, statements of a bill's sponsor are of limited persuasion. In Di-Prospero v. Penn, 183 N.J. 477, 874 A.2d 1039 (2005), the State Supreme Court noted:
[A]lthough statements of a bill's sponsor may give insight into legislative purpose, such statements may also represent the viewpoint of just one person, or small group of lawmakers. A sponsor's statement may also be contradictory, ambiguous or otherwise without substantial probative value in determining legislative meaning. Therefore, as with all extrinsic aids enlisted to divine legislative intent, the Court proceed with caution and exercise considered judgment in determining the weight that should be accorded a sponsor's statement.
[Id. at 499, 874 A.2d 1039 (citation omitted).]
The defendants also contend that Professor Cox's treatise, New Jersey Zoning and Land Use Administration, supports their interpretation that a special reason *222 height variance is required only when the desired height exceeds the maximum by more than ten feet or ten percent. In support of their assertion, the defendants point to limited language which states, "if a height variance is sought for a principal structure but the variance does not exceed ten feet or ten percent of the maximum height permitted in the district, it will be a C variance and the planning board would have jurisdiction under its ancillary powers." Cox, supra, New Jersey Zoning and Land Use Administration, at § 6-3.4(f). However, an in-depth review of the entire treatise reveals that Professor Cox has taken a stance more in line with the plaintiffs. In § 7-7.3 of the same treatise, Professor Cox also states:
"[B]y virtue of a 1991 amendment to N.J.S. 40:55D-70(d) effective August 13th of that year, the zoning board of adjustment is given exclusive jurisdiction over an application for a variance concerning the height of a principal structure which exceeds by either ten feet or ten percent the maximum height permitted in the district for a principal structure. All such applications are, of course, for a D variance."
[Cox, supra, New Jersey Zoning and Land Use Administration, at § 7-7.3.]
Significantly, Professor Cox consistently refrains from adding the phrase "more than" to either the ten feet or ten percent threshold requirement. For example, he notes that if an application "involves the height of a principal structure which exceeds by ten feet or ten percent the maximum height permitted in the district for a principal structure," the request falls under subsection D and the board of adjustment has exclusive jurisdiction to hear the application. Cox, supra, New Jersey Zoning and Land Use Administration, at § 4-6.2.
The statement in the treatise upon which the defendants rely is a general description of those situations when a D variance will be required in height variance cases. Indeed, where the focus shifts to when an application for a height variance should be presented to a zoning board, Professor Cox adopts the strict language of the statute which requires a D variance when a height variance exceeds by ten percent (not by more than ten percent) the maximum height allowed for a principal structure in the zone.
Finally, New Jersey's principles of statutory interpretation also suggest that a special D variance is required when the proposed height of a structure is equal to or beyond the maximum height permitted. In Frugis v. Bracigliano, 177 N.J. 250, 827 A.2d 1040 (2003), the New Jersey Supreme Court stated:
We have `emphasized repeatedly that when interpreting a statute, our overriding goal must be to determine the Legislature's intent.' The statute's language is ordinarily the `surest indicator' of that intent. If the language is plain and clearly reveals the statute's meaning, the Court's sole function is to enforce the statute according to its terms.
[Id. at 280-81, 827 A.2d 1040 (citations omitted) (quoting Cornblatt v. Barow, 153 N.J. 218, 231, 708 A.2d 401 (1998)).]

Ill
After applying the principles of statutory interpretation, as well as the analysis within Professor Cox's treatise and the limited case law available, I find the language of N.J.S.A. 40:55D-70(d)(6) is clear and unambiguous as to where the line should be drawn between height variance requests that require a bulk C variance and those requiring a special reason D variance. The statute provides, in pertinent part, that "a zoning board of adjustment *223 may for special reasons grant a variance. . . to permit . . . a height of a principal structure which exceeds by ten percent the maximum height in the district for a principal structure." N.J.S.A. 40:55D-70(d)(6). Such language makes clear that a request to erect a principal structure equal to or beyond ten percent higher than the maximum zoned height requires a special reason or D variance. Inasmuch as Hotel Associates' application is to build a principal structure ten percent higher than that which is permitted in the Town Center Overlay District (fifty-five feet where fifty feet is permitted), it is required to obtain a D variance. The Planning Board does not have jurisdiction to grant a D variance. Accordingly, the approvals granted to Hotel Associates by the planning board are vacated.